Mr. Charles Willis, Chairman Greene County Election Commission c/o Nadine Jamison, County Clerk Post Office Box 62 Paragould, Arkansas 72451-3550
Dear Mr. Willis:
This is in response to your request for an opinion on "the length of time a city would need to wait for a re-election on a Bond Issue which failed on April 9, 1996," and whether such question may be voted "on the same day as the State Primary General Election."
My understanding of the relevant facts is as follows: The voters of the City of Paragould defeated, on April 9, 1996, a proposal to issue bonds under authority of the Local Government Bond Act, A.C.A. §§ 14-164-301 to -340 (1987 and Supp. 1995) (the "Act"), to finance the acquisition or improvement of city parks. The bonds were to be secured by a pledge of all or some portion of the revenues arising from a local sales and use tax imposed under authority of the Act, which tax was approved by the voters at the same election. The City is currently revising the parks plan with a view to making it acceptable to a majority of voters. The revised plan will be embodied in an ordinance to be acted upon by the governing body of the City. The ordinance, if adopted, will place a modified proposal for the issuance of bonds under the Act, for parks purposes, before the voters in the near future. The bonds to be issued under the modified proposal, like the bonds contemplated by the original proposal, are to be secured by a pledge of all or some portion of the revenues arising from the local sales tax.
In my opinion, the City need not delay a vote on the revised proposal for any particular period of time following the voters' rejection of the original proposal.[1] I know of no law requiring any such delay. To the contrary, the Act provides that the governing body of a city may adopt an ordinance providing for the issuance of bonds under the Act "[w]henever [it] determines the need to issue bonds," A.C.A. § 14-164-308, and that the question of issuing the bonds contemplated by the ordinance shall be submitted to the voters at an election "held in the manner provided in [the Act]." A.C.A. § 14-164-309(a). Nothing in the Act requires a waiting period following the defeat of a similar (or even identical) proposal to issue bonds and, other than as described in footnote 1, nothing in the Act permits the election to occur only after the passage of a specified amount of time after some other event. I also know of no general rule of election law requiring the City to delay the election at issue.
With respect to your second question, the Act provides:
 (a) The question of the issuance of such bonds shall be submitted to the electors of the county or municipality at the general election or at a special election called for that purpose as provided in the ordinance and held in the manner provided in [the Act].
 (b) Except as otherwise provided in [the Act], the election shall be held and conducted in the same manner as a special or general election under the election laws of the state.
A.C.A. § 14-164-309.
Clearly, then, the question of the issuance of the bonds may be submitted to the voters at the general election.
In my opinion, however, the question of the issuance of the bonds may not be submitted to the voters on a ballot that is also used in a primary election.[2] See Op. Att'y Gen. 93-125, 88-057 (copies attached); Mearsv. City of Little Rock, 256 Ark. 359, 508 S.W.2d 750 (1974); A.C.A. §7-7-306 (Supp. 1995).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The election may not be held, however, sooner than ten days after publication of notice of the election or 30 days after adoption of the ordinance calling the election. A.C.A. § 14-164-309(d) and (e).
[2] It is possible, but not certain, that the question of the issuance of the bonds could be submitted to the voters at the same time as and in the same polling places used in the primary election, provided a separate ballot is used for the bond question. See Op. Att'y Gen. 96-089 (copy enclosed). Clearly, the day's voting would include both a special election and a primary election. Under A.C.A. § 7-7-201(a) (Supp. 1995), the state bears the cost of primary elections. Although it is not entirely clear whether the City, Greene County, or both, would be responsible for the costs of the election at issue (see A.C.A. § 7-5-104
(Repl. 1993); Op. Att'y Gen. 95-216, 94-399, 93-125), it appears that the state will not bear this cost. The interested governmental parties should, therefore, reach a clear understanding with respect to the expenses of the special election if it is determined to proceed in this manner.